UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 11-CR-0113-CVE |
| DONALD LEE JEFFERSON, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Suppress and Brief in Support (Dkt. # 10). Defendant Donald Lee Jefferson is charged with possession of a firearm after a misdemeanor domestic violence conviction in violation of 18 U.S.C. § 922(g)(9). Dkt. # 2. He has filed a motion to suppress evidence seized during a search of his person after being taken into custody on outstanding warrants, and he argues that police lacked reasonable suspicion to initiate an investigative detention. The Court held an evidentiary hearing on February 9, 2011, and heard the testimony of one witness. Dkt. # 16.

**I.**

On June 24, 2011, Tulsa Police Department (TPD) Officer Brandon Smith was driving his patrol car eastbound on East Tenth Street near Rockford Avenue in Tulsa, Oklahoma. He observed two men walking eastbound on East Tenth Street in the middle of the road. There was a sidewalk for pedestrian use along East Tenth Street. Smith stopped the men and informed them that they were required to walk on the sidewalk. He testified that walking in the street when a sidewalk is provided is a violation Oklahoma law. Under OKLA. STAT. tit. 47, § 11-506(a), "[w]here sidewalks are provided, it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway."

Smith believes that the sidewalk was unobstructed and available for pedestrian use, but he could not clearly recall if foliage or other obstructions were present. Smith asked the men for identification and he ran a records and warrants check. The purpose of the records and warrants check was to establish their identification, determine whether the men had any outstanding warrants, and to determine if either man was a missing person.

The initial warrants check took about two minutes and Smith found that one of the men, Jefferson, had outstanding warrants. Smith then contacted the Records Division of the TPD to locate paper copies of the warrants to confirm that the warrants were valid. This took approximately two more minutes, and the total amount of time from the initiation of the stop to the completion of the warrants check was about four or five minutes. The Records Division confirmed that the outstanding warrants for Jefferson were valid, and Smith proceeded to take Jefferson into custody. During a search or pat-down of Jefferson, Smith found a firearm on Jefferson's person. Smith booked Jefferson on state law charges of possession of a firearm by a felon and walking in the roadway where a sidewalk is provided.

## II.

The Fourth Amendment guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures." "[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." Terry v. Ohio, 392 U.S. 1, 16 (1968). "Reasonableness under the Fourth Amendment 'depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers.'" United States v. King, 990 F.2d 1552, 1559 (10th Cir. 1993) (quoting United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975)). In balancing these interests, the Supreme Court has held that

arrests, being the most intrusive of Fourth Amendment seizures, are reasonable only if supported by probable cause. Novitsky v. City of Aurora, 491 F.3d 1244, 1253 (10th Cir. 2007); United States v. Davis, 94 F.3d 1465, 1468 (10th Cir. 1996). Investigative detentions, which are Fourth Amendment seizures of limited scope and duration, are lawful if they are supported by a reasonable suspicion that the detained individual is engaged in criminal activity. Novitsky, 491 F.3d at 1253. The investigative detention must be "justified at its inception and reasonably limited in scope." United States v. Rice, 483 F.3d 1079, 1082 (10th Cir. 2007). The Tenth Circuit has made a clear distinction between the level of suspicion needed to initiate an arrest and an investigative detention:

> While an investigative detention is a seizure within the meaning of the Fourth Amendment, it need not be supported by probable cause. An investigative detention is justified where specific and articulable facts and rational inferences from those facts give rise to reasonable suspicion that a person has committed or is committing a crime.

United States v. Walraven, 892 F.2d 972, 975 (10th Cir. 1989) (quoting United States v. Espinosa, 782 F.2d 888, 890 (10th Cir. 1986)).

Defendant conceded at the evidentiary hearing that the length of the investigative detention was reasonable,[1] and he clarified that his sole argument is that the government has not met its burden to prove that reasonable suspicion existed at the inception of the investigative detention. Defendant's argument is based on a close reading of § 11-506, which states that walking in the roadway is prohibited where a sidewalk is "provided." He argues that Smith was required to determine that the sidewalk was unobstructed and available for pedestrian use before he could form

---

[1] Even if defendant had challenged this aspect of the investigative detention, Tenth Circuit precedent is clear that five minutes is not an unreasonable amount of time between the initiation of a traffic stop and the completion of a warrants check. United States v. Burleson, 657 F.3d 1040, 1048-49 (10th Cir. 2011).

3

reasonable suspicion that Jefferson committed a violation of § 11-506. He also claims that Oklahoma law requires the Court to construe vague statutory language in favor of the defendant, and that the Court should interpret § 11-506 to contain a requirement that a police officer establish that the sidewalk was "provided" before initiating an investigative detention.

Smith testified at the evidentiary hearing that he "believed" the sidewalk was not blocked or obstructed, but he could not clearly recall the status of the sidewalk on June 24, 2011. The Court notes that defendant does not have any burden to produce evidence to establish the unconstitutionality of the stop. See United States v. Abdenbi, 361 F.3d 1282, 1287 (10th Cir. 2004); United States v. Gell-Iren, 146 F.3d 827, 830 (10th Cir. 1998). However, there is no evidence in the record that the sidewalk near East Tenth Street was blocked or obstructed on June 24, 2011. There is also no evidence that Jefferson or his companion made any statements to Smith that they were walking in the street due to an obstruction on the sidewalk. The Court finds that Smith's belief that the sidewalk was unobstructed is objectively reasonable, and there was no evidence presented at the evidentiary hearing that would suggest that Smith's belief was inaccurate. Thus, the Court finds that the sidewalk was unobstructed and available for pedestrian use at the time of the traffic stop.

Based on the totality of the circumstances, the Court concludes that Smith had reasonable suspicion to initiate an investigative detention of defendant. Smith's testimony establishes that Jefferson and his companion were walking in the middle of East Tenth Street and that there was a sidewalk along this street. Smith stopped the men and advised them that it is illegal to walk in the road when there is a sidewalk. "Reasonable suspicion arises when 'an officer of reasonable caution' has a 'particularized and objective basis for suspecting the person stopped of criminal activity'"

4

judged against the totality of the circumstances.'" United States v. Pena-Montes, 589 F.3d 1048, 1052 (10th Cir. 2009) (quoting United States v. Winder, 557 F.3d 1129, 1133-34 (10th Cir. 2009)). Considering the totality of the circumstances, Smith had a reasonable and objective basis to believe that Jefferson was violating § 11-506, because Jefferson was walking in the street when a sidewalk was "provided" for pedestrians. Nothing happened after the initial stop that would have rendered Smith's belief unreasonable, and he could continue with a records and warrants check after initiating a valid investigative detention.

Defendant argues that § 11-506 should be construed in his favor, and that the Court should infer from the statutory language that Smith was initially required to determine that a sidewalk was "provided." Defendant claims that the term "provided" implies that the sidewalk must be unobstructed, and that Smith could not have stopped defendant without first determining that the sidewalk was free from obstruction. Assuming that defendant is correct, the Court finds that lack of obstruction would be a requirement for conviction of a violation of § 11-506, but that the lack of irrefutable evidence that the sidewalk was unobstructed does not negate the existence of reasonable suspicion. Defendant's argument is actually a defense to conviction under the statute, rather than a statutory prerequisite for an officer's initiation of an investigative detention. An officer who has reasonable suspicion of a violation of law "need not 'rule out the possibility of innocent conduct' as long as the totality of the circumstances suffices to form a 'particularized and objective basis'" to initiate a stop. United States v. Vercher, 358 F.3d 1257, 1261 (10th Cir. 2004) (quoting Unites States v. Arvizu, 534 U.S. 266, 277-78 (2002)). Smith had an reasonable suspicion to believe that Jefferson was violating Oklahoma law and he was not required to investigate whether Jefferson had

a defense to the potential violation before initiating a stop. Thus, the Court finds no Fourth Amendment violation and defendant's motion to suppress should be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Suppress and Brief in Support (Dkt. # 10) is **denied**.

**DATED** this 9th day of February, 2012.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT